IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STANTON STORY, | ) | |
|     Petitioner, | ) | Civil Action No. 2:15-cv-00948 |
| | ) | |
| v. | ) | United States District Judge |
| | ) | Alan N. Bloch |
| | ) | |
| | ) | United States Magistrate Judge |
| WARDEN GILMORE and THE | ) | Cynthia Reed Eddy |
| ATTORNEY GENERAL OF THE | ) | |
| STATE OF PENNSYLVANIA, | ) | |
|     Respondents. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

Petitioner, Stanton Story ("Story"), is a state prisoner confined at SCI-Greene. He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court may dismiss the petition prior to service if it plainly appears that Story is not entitled to habeas relief. That is the case here because his petition is second or successive and he has not received from the U.S. Court of Appeals for the Third Circuit an order authorizing this Court to consider it, as required by 28 U.S.C. § 2244(b)(3)(A). Accordingly, it is respectfully recommended that the petition be summarily dismissed for lack of jurisdiction and that a certificate of appealability be denied. 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases In the United States District Courts.

**II.    REPORT**

    **A.    Relevant Background**

This case involves a lengthy and undisputed procedural history, both in state and federal courts.

## State Court Proceedings

On March 29, 1975, following a jury trial in the Court of Common Pleas of Allegheny County, Story was found guilty of one count of First Degree Murder at CC 197405836 and one count of Criminal Conspiracy at CC 1974406544. On May 7, 1976, Story was sentenced to death for the First Degree Murder conviction. He received no further penalty at the Criminal Conspiracy conviction.

On January 26, 1978, the Supreme Court of Pennsylvania reversed Story's conviction and remanded for a new trial. On October 22, 1979, Story's retrial began. On October 26, 1979, he was again found guilty of First Degree Murder and the jury fixed the sentence at death. On December 28, 1981, the Supreme Court of Pennsylvania affirmed his conviction, but vacated his death sentence and imposed a term of life imprisonment.

Between October 14, 1983 and March of 1994, Story attempted to pursue relief in state court pursuant to the Post Conviction Relief Act ("PCRA"). His petition ultimately was denied by the PCRA court on March 27, 1994, after an evidentiary hearing was held. Story appealed the denial of his petition to the Superior Court of Pennsylvania, which affirmed the judgment of the PCRA court on April 5, 1995.

Approximately twelve (12) years later, on May 9, 2007, Story filed, pro se, a Motion for Post Conviction Collateral Relief in the Allegheny County Court of Common Pleas. On April 16, 2012, he filed, through counsel, an Amended Petition for Habeas Corpus Relief Pursuant to Article 1, Section 14 of the Pennsylvania Constitution and for Statutory Post-Conviction Relief under the PCRA. Story filed a pro se Amended Petition on April 19, 2012, and on September 19, 2012, the PCRA trial court dismissed the petition. Thereafter, Story, filed a pro se Motion for Post Conviction Collateral Relief in the Court of Common Pleas seeking reinstatement of his appellate rights as to the September 19, 2012 dismissal of his PCRA petition. The PCRA Court granted the petition on January 24, 2013.

On January 31, 2013, petitioner filed a pro se Notice of Appeal in the Superior Court of Pennsylvania at No. 314 No. WDA 2013. The Superior Court affirmed the judgment of the PCRA court on July 15, 2014 (105 A.3d 792 (table)) and the Pennsylvania Supreme Court denied the appeal on January 21, 2015 (108 A.3d 35 (table) (No. 314 WDA 2013)).

Federal Habeas Proceedings

While his PCRA petition was pending, Story filed his first pro se Petition for Writ of Habeas Corpus in the United States District Court for the Western District of Pennsylvania, docketed at Civil Action No. 92-0281. On August 14, 1992, Magistrate Judge Sensenich issued a Report and Recommendation ("R&R") that recommended the petition be dismissed because Story had raised both exhausted and unexhausted claims. On September 6, 1992, District Judge Barron P. McCune issued an Order that dismissed the petition, denied the request for probable cause, and adopted the R&R as the Opinion of the court. Story appealed and on May 28, 1992, the United States Court of Appeals for the Third Circuit granted a certificate of probable cause and appointed the Federal Public Defender's Office to represent him. On May 27, 1994, the Court of Appeals reversed the District Court's dismissal of the petition and remanded the case for consideration on the merits due to the inordinate delay in state court.

Following remand, Story, through counsel, filed an Amended Petition for Writ of Habeas Corpus, arguing, among other things, that his rights had been violated because he was tried before a death qualified jury. On February 7, 1997, Magistrate Judge Sensenich denied Story's request for an evidentiary hearing and issued a R&R recommending that the petition be denied but that a certificate of appealability be granted as to the death qualified jury claim. On March 31, 1997, District Judge Alan N. Bloch adopted the R&R as the Opinion of the Court, denied the petition, and granted a certificate of appealability as to the issue of whether Story had been denied a right to a fair trial because he was tried

3

before a death qualified jury.  Story had until April 30, 1997, to file a timely notice of appeal.  His counsel requested an extension of time to file a notice of appeal, and after a volley of motions, Judge Bloch denied the request.  On December 22, 1998, the Court of Appeals summarily affirmed the district court's order.  Story, through counsel, filed a Petition for Writ of Certiorari in the Supreme Court of the United States, which was denied on June 21, 1999.

Approximately five months later, Story filed a pro se Petition for Writ of Habeas Corpus in the United States District Court for the Northern District of Georgia, again challenging his convictions at CC 197405836 and CC 1974406544.  On December 13, 1999, the case was transferred to the United States District Court for the Western District of Pennsylvania.  On December 27, 1999, Magistrate Judge Sensenich issued a R&R recommending that the petition be transferred to the United States Court of Appeals for the Third Circuit to be considered as an application to file a successive petition.  On January 31, 2000, Judge Bloch issued an Order transferring the petition to the Court of Appeals.

On May 1, 2000, the appellate court granted Story permission to file a second or successive Petition for Writ of Habeas Corpus.  On June 11, 2001, Magistrate Judge Sensenich issued a R&R recommending that the petition be dismissed and on March 19, 2002, Magistrate Judge Sensenich issued a Supplemental R&R, which was adopted by Judge Bloch as the Opinion of the Court, and the petition was denied.  Petitioner filed a pro se Notice of Appeal. On January 27, 2003, Story filed a pro se Application for A Certificate of Appealability.   On June 20, 2003, the Court of Appeals denied petitioner's application.  Story filed a pro se Petition for Writ of Certiorari in the Supreme Court of the United States, which was denied on February 23, 2004.

On June 1, 2012, Story filed an emergency petition requesting reactivation of his case before the Court of Appeals.  The petition was denied on July 2, 2012.  On August 16, 2012, Story filed a pro se

application for leave to file a successive petition in the Court of Appeals, which was denied on October 9, 2012.

On November 1, 2013, Story filed a Motion to Amend / Correct Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and the Federal Rules of Civil Procedure 60(b)(6) and 15(c)(1)(b)(2) in district court. In that petition, Story challenged the Court's July 28, 1997 Order denying his counsel's request for an extension of time to file the notice of appeal, or in the alternative, to vacate its order under Rule 60. Once again, Story raised the issue of whether his rights were violated because he was tried before a death qualified jury. By Order of September 30, 2014, Judge Bloch found that the Court lacked jurisdiction to entertain the petition because it constituted a successive petition and was filed without the necessary authorization from the Court of Appeals. Story appealed that decision to the appellate court. On July 1, 2015, the Court of Appeals issued an Order denying Story's application for a certificate of appealability. The appellate court found that the District Court had correctly denied the petition as an unauthorized "second or successive" habeas petition. (ECF No. 54).

On July 22, 2015, Story initiated the instant case by the filing of a Motion for Leave to Proceed in forma pauperis, with an attached Petition Under § 2254 for Writ of Habeas Corpus by a Person in State Custody. He again challenges his convictions at CC 197405836 and CC 1974406544 and again, *inter alia*, raises the issue that his rights were violated because he was tried before a capital death qualified jury. (ECF No. 1, 4 – Ground Three, at 9.) This is at least the second time he has attempted to challenge his convictions at CC 197405836 and CC 1974406544 by way of a federal habeas petition.

**B.** **Discussion**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") mandates that before a petitioner may file a second or successive habeas corpus petition under 28 U.S.C. § 2254 challenging the

5

same judgment of sentence that he previously challenged in federal habeas, he must obtain an order from the court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). See, e.g., Magwood v. Patterson, — U.S. —, 130 S.Ct. 2788 (2010). Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty days whether there is a prima facie showing that the application satisfies § 2244's substantive requirements, which are set forth in § 2244(b)(2). See U.S.C. § 2244(b)(3)(C). AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas petitions that are second or successive filings. See, e.g., Burton v. Stewart, 549 U.S. 147 (2007).

Story has not received from the Third Circuit Court of Appeals permission to file a second or successive petition. Therefore, this Court must dismiss the instant petition for lack of jurisdiction. Id. at 152-54.

### C. **Certificate of Appealability**

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." In Slack v. McDaniel, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Applying that standard here,

jurists of reason would not find it debatable whether the instant petition is a second or successive petition. Accordingly, a certificate of appealability should be denied.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be summarily dismissed and that a certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Story is allowed fourteen (14) days from the date of service to file objections to the Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

Dated: August 7, 2015

cc: **STANTON STORY**
AP-3330
SCI Greene
175 Progress Drive
Waynesburg, PA 15370