IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STANTON STORY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| VS. | ) Civil Action No. 15-948 |
| | ) |
| WARDEN GILMORE and THE | ) |
| ATTORNEY GENERAL OF THE | ) |
| STATE OF PENNSYLVANIA, | ) |
| | ) |
| Respondents. | ) |

## **O R D E R**

This habeas action filed by Petitioner Stanton Story was referred to United States Magistrate Judge Cynthia Reed Eddy for a report and recommendation in accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Local Civil Rules. On August 7, 2015, Magistrate Judge Eddy issued a Report and Recommendation (Doc. No. 6) in which she recommended that the petition be summarily dismissed for lack of jurisdiction and that a certificate of appealability be denied pursuant to 28 U.S.C. § 2244(b)(3)(A) and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. After receiving one extension, Petitioner filed his objection to this Report and Recommendation on August 24, 2015 (Doc. No. 9).

AND NOW, this 3rd day of September, 2015, after de novo review of the petition filed by Petitioner and the Report and Recommendation, and upon consideration of Petitioner's objection thereto,

IT IS HEREBY ORDERED that said petition is DISMISSED and that a certificate of appealability is DENIED.

1

IT IS FURTHER ORDERED that the Report and Recommendation (Doc. No. 6) is adopted as the Opinion of the Court with the following additional comments:

Petitioner's only argument in objecting to the Report and Recommendation that directly addresses the issue of whether his petition should be dismissed as a second or successive petition is his claim that it functions as a mere continuation of his "original writ of habeas corpus." However, as Judge Eddy explained, his first petition at Civ. No. 92-281 was adjudicated many years ago, and, in fact, Petitioner was subsequently granted permission by the Third Circuit Court of Appeals to file a second petition pursuant to 28 U.S.C. § 2244(b), which was originally filed in November of 1999 and ultimately docketed at Civ. No. 99-2012. That second petition was also adjudicated, and the Third Circuit denied Petitioner's request for a certificate of appealability as to that petition. Twice in 2012, the Third Circuit denied Petitioner's request to "re-activate" his prior petition at Civ. No. 99-2012 or to file a successive one. Just last year, this Court denied Petitioner's attempt to amend his original habeas corpus petition at Civ. No. 99-2012 pursuant to 28 U.S.C. § 2254 and Federal Rules of Civil Procedure 60(b)(6) and 15(c)(1)(b)(2). The Third Circuit, just two months ago, affirmed and again denied his request for a certificate of appealability. The present petition is not, therefore, an amendment or "continuation" of his original petition, but a successive petition for which he needed to obtain Third Circuit approval before filing as explained by Judge Eddy.

Petitioner's argument regarding the applicability of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132 ("AEDPA") is a bit unclear, as he seems to focus on the applicability of 28 U.S.C. § 2254(d), which has nothing to do with whether his petition should be dismissed as a second or successive petition. To the extent that he is arguing that the gate-keeping provisions of the AEDPA regarding second or successive petitions

set forth in Section 2244(b) do not apply to his case, the Court notes that the procedural requirement of Section 2244(b)(3)(A) that a petitioner must seek permission of the appropriate Court of Appeals prior to proceeding on a second or successive petition applies even to a defendant whose original petition pre-dated the AEDPA. See In Re: Minarik, 166 F.3d 591, 600, 609 (3d Cir. 1999). Regardless, although Petitioner did file his original habeas petition at Civ. No. 92-281 prior to the effective date of the AEDPA, he subsequently was granted permission to, and did file a second petition *after* the enactment of that statute at Civ. No. 99-2012. Accordingly, there is no issue as to whether the AEDPA has had an impermissible retroactive effect on Petitioner.

                                                s/Alan N. Bloch
                                                United States District Judge

cc:     Stanton Story
         AP-3330
         SCI Greene
         175 Progress Drive
         Waynesburg, PA 15370
         PRO SE